## BYRNE v. MYERS.

EVIDENCE, PREPONDERANCE OF.—It is the province of a jury, and of the
court in the absence of a jury, to determine upon which side of the case
the weight or preponderance of evidence is found; and it must be shown
affirmatively by the plaintiff in error that the verdict was contrary to
the evidence, or was not sustained by sufficient evidence, or was con-
trary to law, before this court will interfere.

Error to the Third District Court for Uinta County.

A statement of the case is given in the opinion of the
court.

*H. Garbanati,* for the plaintiff in error, cites: *Cherry* v.
*City National Bank of Chicago,* Eighth Chicago Legal News;
Rev. Stat. of Wyoming, 54; *Belcher* v. *Laig,* 8 Mich. 29;
*Reynolds* v. *McCornie,* 5 Chicago Legal News, 218; Hilliard
Rem. for Torts, 30; Hilliard on New Trials, 539.

*W. W. Corlett,* for defendants in error, cites: Laws of
Wyoming, 72; Gra. & Wat. on N. T. 380, 405; *Tracy* v.
*Sackett,* 1 Ohio St. 54; *Grazly* v. *Hunter,* 3 Id. 399; *Webb* v.
*Protection Co.,* 6 Ohio, 456; 12 Id. 151; 6 Ohio St. 497;
12 Id. 428; *Stiles* v. *McKibben,* 2 Id. 588; *Administrators of
Isaac Perrin* v. *Ins. Co.,* 11 Ohio, 147; *Lessees of Ludlow
Heirs,* 4 Id. 44; *Reed* v. *McGrew,* 5 Id. 387.

By the Court, FISHER, C. J.: This was an action in re-
plevin brought in the district court in and for the third
judicial district, for the recovery of certain work oxen,
alleged by plaintiff to be wrongfully detained by defendant.
The plaintiff, to maintain his action, claimed to have bought
the said cattle from one Thornton, then a resident of Utah,
and produced on the trial a bill of sale conveying the right
and title of the cattle to Myers, the plaintiff. When the
case was called for trial, the plaintiff filed a motion for con-
tinuance, on the ground of an absent witness, in an affi-
davit filed in support of the motion for continuance, in

which he set out at large that the absent witness, viz.,
Thornton, who had given plaintiff the said bill of sale, that
he, Thornton, would swear, if present, that he had sold the
said cattle to Myers, the plaintiff, and had given him a bill
of sale, and that he had never sold the said cattle to Byrne,
the defendant. The court granted a continuance on the
showing made in the motion and affidavit, when the defend-
ant, by his counsel, agreed to admit that Thornton, if
present, would swear to the matters stated in the aforesaid
affidavit. Whereupon, by consent of parties, a jury was
waived and the case tried by the court, Thomas, J., presid-
ing. The testimony being heard on behalf of plaintiff and
defendant, the court found for the plaintiff, Myers, that he
had the right of property, and to the immediate possession
thereof at the time of the commencement of the action.
Whereupon the defendant filed a motion for a new trial, upon
the reasons filed, being the same as set out in his bill of ex-
ceptions in this court, and the case was brought here by
petition in error.

The first exception complained of is, that the finding of
the court in this case is against and contrary to the weight
of evidence and law of the case; second, that the court
erred in admitting as testimony on the part of the plaintiff
the books of defendant, to prove an account between de-
fendant and a party other than the plaintiff; third, that the
defendant was surprised by the testimony of one C. N.
White, a witness on the part of the plaintiff, and could not
by any exercise of prudence have guarded against it, or by
any probability have anticipated it; fourth, that the said
defendant has, since the trial of this cause, discovered new
and material evidence in this case, of which he was entirely
ignorant until after the case was submitted to the court.

The court fails to discover, from the record in this case,
any error of which the plaintiff in error has the slightest
ground for complaint. It is not a ground of error, under
the statutes of this territory, that a case is decided by either
a court or jury against the supposed weight of evidence,

from the fact that it is the province of a jury, and of the court in the absence of a jury, to determine upon which side of the case the weight or preponderance of evidence is found. Subdivision sixth of section 306 of the civil code, found on page 72 of the compiled statutes, provides that a new trial may be granted when the verdict, report or decision is not sustained by sufficient evidence and is contrary to law, and for the reason assigned in the first exception, but we think that an examination of the evidence set out in the record, by any unprejudiced mind, will very fully and satisfactorily show that this decision is very fully sustained by the evidence.

The second error complained of we think equally unfounded. Our statutes provide that the books of account and other records and papers may be brought into court for the purposes of justice, and we fail to discover any other purpose in their being exhibited on the trial of this case. They were the books of the defendant, and if they tended to any extent to contradict his oral statements, that was his misfortune and not the books.

The third exception is still more groundless, if possible. It sets up error on the ground of the surprise of defendant on account of the testimony of one of plaintiff's witnesses called in to rebut the statement of the defendant himself, while he was still in court and might have denied the statement of said witness, from whose testimony he alleges surprise, especially as in his affidavit filed he only claims to contradict the statement of plaintiff's witness by his own denial. The fourth exception is of the same character of the third. The record shows that the after-discovered testimony was the defendant himself—that is, the defendant below. In his affidavit for a new trial he alleges newly discovered evidence, which it was impossible for him to have at the trial, but when we come to see who and what the newly discovered evidence was we find it to be the defendant below himself. To set aside verdicts upon such a showing of errors would be making a mock of justice.

Judgment affirmed.